## Joseph Butterfield *vs.* Joshua Converse, Administrator.

A receiptor of property attached on mesne process is discharged from his obligation, if, before judgment, the attachment is dissolved by a regular assignment of the debtor's property, under *St.* 1838, *c.* 163, although the property attached never came into the hands of the assignee.

27 *

AN ACTION OF CONTRACT, by the plaintiff, a deputy sheriff, upon a receipt signed by John Barron, the defendant's intestate, as follows: "August 23, 1847. Received of Joseph Butterfield, deputy sheriff, the following property this day attached by him on a writ in favor of Lewis Loomis, against John M. Carter, of Lowell, returnable to the court of common pleas next to be holden at Lowell, on the first Monday of September next; namely, six boxes brown Havana sugar, of the value of forty dollars each; all which we promise to deliver to said Butterfield on demand, or the value thereof, as above. JOHN M. CARTER, JOHN BARRON."

The action of *Loomis* v. *Carter*, on which said property was attached, was duly entered in court, and judgment rendered for the plaintiff, September 17, 1851. On the execution which issued on said judgment, the property in suit, on the 15th of October, 1851, was duly demanded of said Carter, and of the defendant, who had been in the mean time appointed administrator of said John Barron, and they refused to deliver the same, or pay its value.

The defendant relied upon the following facts, as a bar to this action, viz: That said Carter, the judgment debtor before the rendition of said judgment in favor of said Loomis, namely, in the summer of 1850, petitioned for the benefit of the insolvent laws of this commonwealth. The first publication of notice was September 3, 1850, and an assignee was duly chosen, September 23, 1850. The attachment on the property in question was not ordered to survive by the commission of insolvency, and therefore was dissolved by the proceedings. The sugar attached never went into the hands of the defendant or his intestate, nor into the hands of the assignee of said Carter, but was redelivered to said Carter when the receipt in suit was given, and was used by him in his business before the commencement of the insolvent proceedings. Carter never obtained his discharge.

The case was submitted to this court, upon these agreed facts, and judgment was to be entered according to the opinion of the court thereon.

*J. G. Abbott*, for the plaintiff.

*W. A. & D. S. Richardson,* for the defendant.

DEWEY, J. The principles of law applicable to the present case seem to be well settled. The liability of the intestate was that of a receiptor of personal property attached by the plaintiff as a deputy sheriff. The claim of the attaching officer in such case as against the receiptor, is of a very special character. He may enforce such a promise of his bailee to deliver the goods, so far as is necessary to relieve all the obligations devolving on him to all parties interested in the attachment. Beyond this he has no claim upon the receiptor. The attaching officer may be answerable, for the safe keeping and possession of the property attached, to the attaching creditor, and those who may succeed to his rights, and also to the debtor in case the property is not required to satisfy a judgment rendered in the suit in which the same was attached.

As respects the latter, no liability can exist here, as the property attached was returned to the possession of the debtor at the time of giving the receipt. The only inquiry remaining is, therefore, whether the property attached was holden to satisfy the judgment and execution against Carter. If not, then there is no liability over on the part of the officer, and no right to maintain the action. Subsequent to the attachment of this property, and before judgment was rendered in the suit, proceedings in insolvency as respects the debtor Carter, were duly instituted, and an assignee appointed on his estate, under the statute of 1838, *c.* 163, and the statutes in addition thereto. These proceedings, by virtue of Sect. 5, of *St.* 1838, *c.* 163, dissolved the existing attachments upon the property of Carter, absolutely, and under the *St.* 1841, *c.* 124, § 5, could be continued, only by permission of the court in which the action was pending upon petition of the assignee, and for the benefit of the creditors generally, and not of the attaching creditor.

This attachment, as respects the rights of the plaintiff in the suit against Carter, was dissolved, and being thus dissolved, the officer's bailee of the goods who has undertaken to deliver them to be taken on execution against Carter, was fully dis-

charged from his liability upon his receipt and promise to deliver the same, as was directly held by this court in the case of *Sprague* v. *Wheatland*, 3 Met. 416. It is true that in the case just cited the property was in fact taken into possession by the assignee of the insolvent, for the benefit of the creditors generally, and as assets for distribution. But irrespective of that fact the attachment was equally dissolved by the mere proceedings in insolvency. Whether the property attached is in such a state that it can be reduced to possession by the assignee, or is beyond his reach, is wholly immaterial as to the matter of the dissolution of the attachment, as was decided in *Grant* v. *Lyman*, 4 Met. 470, a case in which this point was much considered, and an elaborate opinion given by the chief justice.

To prevent the apparently unjust result of dissolving a lien by attachment, when by reason of a sale or mortgage subsequent, the property thus discharged from attachment would not pass to the assignee, the *St.* of 1841, *c.* 124, § 5, was enacted, by which the assignee is authorized by permission of the court, to which the action is returnable, to proceed with the suit to final judgment, for the benefit of the creditors generally. In the case of *Bacon* v. *Lincoln*, 2 Cush. 124, it was decided that the assignee may, under this statute, enforce the attachment in a case where the property was redelivered to the debtor, thus showing that the attachment for the particular creditor is dissolved in such case, and giving effect to the statute to preserve the lien for the estate, if it be proper so to do. In the case now before us, therefore, the attachment for the particular creditor was dissolved, and by the facts stated by the parties, it appears that the assignee obtained no order for continuing the attachment for the benefit of the creditors generally. The result must be therefore, that the present case is one of an attachment of property, dissolved by the statute before judgment was rendered in the action, and the effect of such dissolution of the attachment was to discharge the officer from all liability to the creditor for not having the goods to be seized on execution. The actual redelivery of the same to the debtor, on his procuring a receiptor, discharged the

officer from all further liability to the debtor. This discharge of the officer from all liability, and the property from all lien by attachment, also discharges the bailee or receiptor of the property from liability to the officer.

*Judgment for the defendant.*